# Staunton

HYMAN COHEN AND S. J. SCHLESSNER v. HARRY ROSEN.

September 17, 1931.

Present, Prentis, C. J., and Campbell, Holt, Hudgins and Gregory, JJ.

The opinion states the case.

*Hart & Hart*, for the appellants.

*Morris L. Masinter*, for the appellee.

PRENTIS, C. J., delivered the opinion of the court.

These are the facts which give rise to this litigation: September 12, 1923, L. H. Vaughan leased to Hyman Cohen the building, of which the premises in controversy are a part, for five years, with the privilege to the lessee to renew the lease on the entire building for five years more. The appellant, Schlessner, is a party to the controversy because Cohen had assigned to him an interest in the original lease. July 26, 1924, Cohen sublet the store room (part of the premises), about which this controversy has arisen, to Isaac Levin at a monthly rental of $175.00 for the entire term of the original lease, ending March 31, 1930. By the terms of this lease Levin was also granted the privilege of renewal for an additional five year period at the same rental, subject to the condition that he pay to Cohen $116.20, being the proportionate part of the sum of $500.00 which Cohen under the original lease was required to pay to Vaughan in case he renewed the original lease for the additional period of five years. Then, August 28, 1924, the sublessee, Levin, leased to Leo Wetzler the same store room which Levin had leased from Cohen for the term ending March 31, 1930, at an increased monthly rental of $200.00, plus one-twelfth of ten per cent of the cost of improvements on the building, not to exceed $1,000.00. In this agreement between the original sublessee, Levin, and Wetzler, he also assigned to his tenant, Wetzler, his rights and privileges under his lease from Cohen. Thereafter, September 30, 1927, Leo Wetzler assigned to Harry Rosen,

the appellee here, all of his rights, privileges and interests under the lease of August 28, 1924, between Levin and Wetzler. So that we now have at the time of this dispute, Rosen, the appellee, sublessee, as tenant of the store room under the contracts which we have recited.

Before Rosen's lease expired he gave Cohen notice that he wished to renew his sublease of the premises for an additional period of five years, and he claims that right subject to the same terms and conditions contained in the original sublease between Cohen and Levin (his remote assignor), and he then tendered to Cohen the sum of $116.20 in cash, as provided in the Levin lease, which Cohen accepted, and this notice was given September 7, 1929, more than three months before the expiration of the original sublease.

In the meantime, after Levin had sublet the property and apparently assigned all of his rights and privileges to Wetzler (except the right to collect the increased monthly rental), he assigned his interest in the Wetzler lease to Cohen, the original lessee under Vaughan.

The original sublease having expired March 31, 1930, Rosen, the appellee, tendered in payment of a month's rent on his renewed lease $175.00, which Cohen refused to accept. Thereupon, the appellants, Cohen and Schlessner, sued out a distress warrant which was levied upon the property of Rosen on the leased premises for $205.56, covering the increased monthly rental, as provided for in the sublease from Levin to Wetzler of August 28, 1924. Whereupon Rosen filed his bill against Cohen and Schlessner, alleging that he as the assignee of Wetzler's rights is only under obligation to pay a rental of $175.00 per month for the subleased premises. So that the controversy is whether or not Rosen, the appellee, owes $205.56 or $175.00 a month for the property for the extended term of five years.

■ There was a demurrer to the bill upon the ground that Rosen had an adequate remedy at law under Code, sections 6518, 6519 and 6522.

We think unquestionably that it may be said to be generally true that in most cases these sections provide an adequate remedy for a tenant who desires to contest the amount of rent which his landlord seeks to collect by distress. He may either give a forthcoming bond, or under section 6519, if unable to give a forthcoming bond—that is, unable to give the bond required by section 6518—on affidavit that he has a valid defense under section 6522 he may have the controversy transferred to the next term of the circuit court of the county, or corporation court of the city, for decision.

We think this dispute might well have been determined by that method.

It is conceded in the brief for the appellants, however, that the bill prayed the court to construe the lease under which the appellee held, and it is certain that the appellants' answer to the bill denies the construction contended for by the complainant, the appellee here; so, doubtless, the bill can be maintained under the declaratory judgments statute, Code, sections 6140a to 6140h, inclusive.

■ Whether this be true or not, under Constitution, section 90, this court should never remand a case which it can properly decide, for, as is said in *Kennedy* v. *Mullins*, 155 Va. 166, 154 S. E. 568, 572: "To end litigation is generally a boon to the litigants and always desirable in the public interest." As the case presents a single question—that is, as to the proper construction of the contracts referred to—we shall disregard the questions raised as to procedure and decide the case upon its merits.

■ Referring to the criticisms of the procedure, objection is made that the trial court, without notice to the appellants, awarded and renewed a preliminary injunction

against the execution of the distress warrant. In support of this contention, Code section 6322 is cited. This reads: "No injunction shall be awarded in vacation or in court, in a case not ready for hearing, unless the court or judge shall be satisfied, by affidavit or otherwise, of the plaintiff's equity; any court or judge may require that reasonable notice be given to the adverse party, or to his attorney at law or in fact, of the time and place of moving for it, before the injunction is granted, if, in the opinion of the court or judge, it be proper that such notice be given, which notice, when so required and given, as well as any other notice which may be given, whether so required or not, of a motion for an injunction, shall be in writing and shall set forth the grounds upon which such injunction will be asked to be awarded."

It is obvious from this statute that the requirement for notice rests largely in the discretion of the trial judge, and this has always been the approved practice. It is just to say that in this case there appears to have been no necessity for the injunction either after or without notice. The property could have been discharged from the levy under the distress warrant by the execution of a forthcoming bond, or the sale delayed by an affidavit under section 6519, above cited, and in no event could the property have been sold without ample notice of such sale by the officer. While such questions must generally be left to the discretion of the trial court, it may be confidently said that the cases are rare indeed which justify the awarding of a preliminary injunction without notice to those affected thereby. The *ex parte* statement of the bill and affidavits usually presented for the complainant in such cases, should not be accepted as justifying the issuance of a preliminary injunction unless necessary to prevent threatened and irreparable damage. Frequently the application is so delayed by the complainant

that there is little time for notice; but this delay should impel the judge to whom application is made to scrutinize the alleged reasons therefor with greater care, so as to avoid abuse of the power.

■ Now as to the merits: The court granted the prayer of the bill and held that Rosen, the appellee here, was entitled to possession of the premises so long as he paid to the lessors, the appellants, the rental of $175.00 per month, and complied with the other terms and conditions set forth in the lease from the original lessor, Cohen, to Isaac Levin, dated July 26, 1924, to which rights the appellee, Rosen, claims to have succeeded.

The conclusion of the trial court is justified, because under that lease before its assignment, Levin unquestionably had the right of renewal upon the terms now claimed by the appellee. In the agreement of August 24, 1924, Levin in these words specifically assigned to Wetzler "all of his rights and privileges under the aforesaid contracts, subject to the stipulations hereinbefore set out; and the said lessee doth hereby agree that the conditions and restrictions contained in the aforesaid leases shall be of full force and effect and binding between himself as lessee and Isaac Levin as lessor to the end that the said Leo Wetzler shall bear the same relation and be subject to the same privileges and restrictions toward Isaac Levin, as lessor that the said Isaac Levin, as lessee, bears toward Hyman Cohen, as lessor, and as set out in the attached contracts." This is the language to be construed. For the appellants it is claimed that it reserved the right of renewal for five years to Levin. This claim must be denied. The language does not import any reservation; on the contrary, it imports a grant to Wetzler. Levin thereafter had no further interest under any of those contracts for he reserved nothing by the stipulation except the right to collect the increased rental from Wetzler for the current term, for this term was all he

then had and this expired March 31, 1930. All of the other rights which he had, specifically the right to renew the five year lease, were then and there assigned to Wetzler and Wetzler assigned them to Rosen, appellee. When Levin thereafter, on September 1, 1925, undertook to assign his rights to Cohen, he had already by his lease and assignment to Wetzler parted with all of his rights under the original contract save only the right to collect the increased rental until the end of the first term of five years, and this, therefore, is all that Cohen can claim thereunder.

We agree with the trial court in this construction of the lease, and therefore the decree will be affirmed.

*Affirmed.*