**EIFFEL REALTY & INVESTMENT CO v OHIO CITIZENS TRUST CO et**

Ohio Appeals, 6th Dist, Lucas Co

Decided Feb 8, 1937

Smith, Beckwith, Ohlinger & Froelich, Toledo, for appellant.

Wm. H. McClellan, Jr., Toledo, for appellees.

## OPINION

By CARPENTER, J.

In 1922 plaintiff, The Eiffel Realty & Investment Company, as lessor, and defendant, The Pantheon Theatre Company, as lessee, entered into a ninety-nine year lease. Among other things the theatre company agreed to pay a monthly rental and the taxes on the leased premises. Later the theatre company mortgaged its leasehold estate, as it had a right to do, to The Ohio Savings Bank & Trust Company as trustees for bondholders. It has been succeeded by the defendant, The Ohio Citizens Trust Company as such trustee.

Some time prior to 1932, the lessee failed to make punctual payments of the rent and taxes as provided in the lease, and a supplemental written agreement was made with reference thereto. By its terms that agreement ended September 1, 1933, and the relationship of the parties continued under the lease.

Several times thereafter the lessee failed to pay rent and taxes at the time required by the lease, and, claiming to act under and in accordance with the forfeiture provisions in the lease, lessor served notices upon the lessee of such defaults and followed them with notices of its intention to terminate the lease and to re-enter the premises as stipulated in the lease, and demanded that the lessor surrender possession to it.

This demand was not complied with, and the lessor brought this action in the Common Pleas Court under authority of the Uniform Declaratory Judgments Act,

§§12102-1 to 12102-16, GC, asking that court to declare, (a) the lease terminated, (b) that lessor had the right to re-enter the premises, and (c) that the lessee be ordered to surrender possession thereof.

The answer admitted the lease, the supplemental agreement and the receipt of the notices from the lessor, but in effect pleaded that lessor had waived any right it may have had to forfeit the lessee's term under the lease by acceptance of current rents and taxes after such claimed defaults.

The matter was heard in the trial court without a jury, neither party demanding one. That court made the following entry:

"This 17th day of September, 1936, this cause coming on for hearing upon the pleadings and the evidence and the court being fully advised in the premises, finds that it should refuse to make any findings or to render or enter declaratory judgment or decree herein, and no such findings, declaratory judgment or decree are made."

Plaintiff filed a motion for a new trial which was overruled and it then filed a notice of appeal on questions of law and fact, which was duly perfected as such, and a bill of exceptions was also filed in due time.

On the submission of this appeal, this court was of the opinion the cause was not a proper case for appeal on questions of law and fact, and, with the consent of all counsel, it was received as an appeal on questions of law.

From an examination of the pleadings and the bill of exceptions it does not appear that any issue is raised as to the validity or construction of the lease. Its validity is admitted and insisted upon by the defendants. Its terms are clear and there is no dispute about them. That the lessor, the plaintiff, may elect to terminate the lease on certain defaults in payment of rent or taxes by the lessee and thereby work a forfeiture of the lease is not challenged. The sole question is whether the situation presented by the acts of the parties entitles the lessor to claim a forfeiture at this time and to re-enter and repossess the leased premises.

In its opinion the trial court stated its reason for refusing a declaration to be that the plaintiff had full and complete remedies in either an action in forcible entry and detainer. or an action in ejectment, and therefore a declaratory judgment should not be entered.

The first question which claims attention is whether the older and established remedies are full, complete and adequate to accomplish what plaintiff desires, if entitled to it.

Plaintiff's claim is that acting under the terms of the lease, it has terminated and ended it, and that it now wants possession of the property and the aid of the court to secure it.

This is exactly the purpose of an action in ejectment, in which the Common Pleas Court has full power to consider and determine all the matters that are pleaded in this cause, and if adjudged in plaintiff's favor, the coercive remedy is at hand to make the judgment effective. The enforcement feature of the ejectment process is more efficacious than the declaratory judgment could be. Should the court declare everything plaintiff prays for, and the lessee fail to vacate the premises, additional proceedings would be required to give effect to the declaration. §12102-8, GC.

This raises the question whether a person having an adequate and complete remedy to accomplish the desired end can disregard it and ask for declaratory relief. In other words, is it an alternative to existing remedies which a plaintiff may elect, or is it supplementary to them?

This question has not been considered in any reported cases in Ohio. Professor Borchard in his work, Declaratory Judgments, at page 147 et seq., and in a later article in 31 Michigan Law Review, 180, urges that the remedy is alternative to existing ones, and that the only limits to it are those to be found in the first section of the act. The Supreme Court of Alabama supports this view in two recent cases: Tuscaloosa County v Shamblin (1936, — Ala.,—, 169 So. 234, 236, and Teal v Mixon (1936), — Ala., —, 169 So. 477, 479.

In Wollenberg v Tonningsen (1935), 8 Cal. App. (2d) 722, 48 P. (2d) 738, 741, the Court of Appeals of that state categorically denied the claim that "declaratory relief will not lie when there is an available remedy in an ordinary action at law or in equity." It does recognize "the court's discretion to refuse that relief where it is not necessary or proper under the circumstances."

The cases on this subject are digested in a series of annotations in A.L.R. as follows: 12 A.L.R. 52, 75; 50 A.L.R. 42, 48; 68 A.L.R. 110, 119; 87 A.L.R. 1205, 1219; 101 A.L.R. 689.

While the declaratory judgment has been sanctioned in England since 1852, it is spar-

ingly used there, and a wide discretion is recognized in its application. Barraclough v Brown, L. R. (1897), A. C., 615, 623; 66 L.J., Q.B., N.S., 672.

In nearly every state where the question has been decided, a declaration has been refused. In New York this has been the uniform rule, the leading case being James v Alderton Dock Yards, Ltd. (1931), 256 N. Y. 298, 305, 176 NE 401, 403. The court says:

"The use of a declaratory judgment, while discretionary with the court, is nevertheless dependent upon facts and circumstances rendering it useful and necessary. The discretion must be exercised judiciously and with care. * * * It is usually unnecessary where a full and adequate remedy is already provided by another well-known form of action. The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jural relation either as to present or prospective obligations."

This principle has been followed in subsequent decisions by the Court of Appeals and the Appellate Division of the Supreme Court of that state.

In Cryan's Estate, 301 Pa. 386, 152 A. 675, 71 A.L.R. 1417, 1423, that court said:

"A prime purpose of the Declaratory Judgments Act is to render practical help in ending controversies which threaten litigation but have not reached a stage where other relief is immediately available, or where, under the attending facts, established forms of action will not immediately afford the relief given."

Following this in a recent case of City of Erie v Phillips (1936), 323 Pa. 557, 187 A. 203, 204, the court there said:

"We have held that jurisdiction of a petition for declaratory judgment is not to be entertained where a statutory remedy has been provided for the case in hand."

In New Hampshire, the Supreme Court said:

"The declaratory judgment act was designed to supply deficiencies in legal procedure which existed before the enactment of the statute. * * * It is not intended as a substitute for ample remedies in use before its adoption. To borrow the language of chancery, where there is another plain, adequate and complete remedy available, the statute cannot be invoked." Lisbon

Village v Town of Lisbon, 85 N. H. 173, 155 A. 252. To the same effect see Sheldon v Powell, 99 Fla. 782, 128 So. 258.

In Miller v Siden, 259 Mich. 19, 242 NW 823, a plaintiff sought a declaratory judgment to obtain possession of a boiler. In dismissing, the court said in the syllabus: "1. Proper action by seller of boiler, who took chattel mortgage for purchase price, and who seeks to recover possession from one who claims to be owner free of mortgage is replevin. "2. Proceeding for declaratory judgment is not substitute or alternative for common-law actions."

From this decision Judge Potter dissented, but the cases he cites do not support his assertion that the declaratory judgment is an alternative remedy to older statutory procedure.

New York, Michigan and Pennsylvania are followed by Indiana, in Brindley v Meara, ... Ind., ..., 198 NE 301, 101 A.L. R. 682.

The foregoing cited cases are all that have come to our attention where the precise question has been considered and decided.

If the issues here were turned around and the defendant lessee were asking the court to decide an actual controversy it had with the lessor, that it might conform its action in some respect to the judgment of the court and thereby preserve its relationship as a lawful tenant of the leased premises, a different question might be presented. Such was the situation in Sigal v Wise, 114 Conn. 298, 158 A. 891; Cohen v Rosen, 157 Va. 71, 160 SE 36; Carolina Light & Power Co. v Iseley, 203 N. C. 811, 167 SE 56.

If the plaintiff in this action can require from the courts a declaration such as it seeks, it is hard to conceive of a party who, having a cause of action of any kind, large or small, against another, might not ask a court of record to enter a declaratory judgment defining his rights. Thereby we would have parallel remedies, in part at least, in every civil cause of action, even though the older remedies are satisfactory and their use well settled. This would also result in multiplicity of actions for, having secured such declaration, further proceedings would be necessary, as in the case at bar, to make the declaration of the court effective. §12102-8, GC. Such was not the intent of the Legislature when the declara-

tory judgments law was enacted and the provisions for older remedies were not repealed.

This law does have a useful purpose in supplying deficiencies in our practice, especially as it may aid persons to settle disputes and maintain legal relations. In this field it should be liberally construed and applied. as directed in §12102-12, GC. To this end the court is invested with a broad judicial discretion.

In this case the trial court was within its power in refusing a declaration, both reason and authority support it in so doing, and its judgment is affirmed.

Judgment affirmed.

LLOYD, J, concurs.
TAYLOR, J, dissents.

### DISSENTING OPINION

By TAYLOR, J.

I find myself unable to concur in the decision of the majority of the court, and shall endeavor to state briefly my reasons for dissenting.

This case presents for consideration a fundamental question concerning the Declaratory Judgments Act, which is clearly stated in the majority opinion as follows:

"This raises the question whether a person having an adequate and complete remedy to accomplish the desired end can disregard it and ask for declaratory relief. In other words, is it an alternative to existing remedies which plaintiff may elect, or is it supplementary to them?"

This has not, until now, been directly determined in Ohio. It is true, as stated in the majority opinion, that in some other states it has been and still is held that the remedy under the Declaratory Judgments Act is not alternative and that relief may only be granted where no other satisfactory remedy is available.

This is particularly true in Pennsylvania and Michigan. In Pennsylvania, however, the Supreme Court had indicated an approval of the more general use of declaratory judgments, in J. Sullivan & Sons Mfg. Co. v Ideal Building & Loan Assn., 313 Pa. 407, 170 A. 263, 98 A.L.R. 1, but thereafter, in 1935, the Legislature of that state enacted an amendment to the declaratory judgments statute, so as to provide:

"Where, however, a statute provides a special form of remedy for a specific type of case, that statutory remedy must be followed." (Laws of Pennsylvania, 1935, 72, 73). Hence, the present restricted use of declaratory judgments in that state.

Michigan has never enacted the Uniform Declaratory Judgments Act. Its statute is different in certain respects. See Compiled Laws of Michigan, 13903 to 13909 (Michigan Public Acts, 1929, No. 36), as discussed in Washington-Detroit Theater Co. v Moore, 249 Mich. 673, 229 NW 618.

In New York the leading case of James v Alderton Dock Yards, Ltd., 256 N. Y. 298, 176 NE 401, was founded upon a question of proper exercise of judicial discretion on the part of the trial court rather than a denial of the jurisdiction of that court. The plaintiff there asked for a declaratory judgment as to his right to commissions on the sale of the defendant corporation's property, which he claimed to have brought about. The Court of Appeals pointed out that the right to those commissions had not accrued at the time the action was brought and that the manifest purpose of the suit was to attempt to obtain a lien for something not yet due. Hence, the court held that the declaratory judgment was improperly granted.

The New York act consists of but one section, which is similar to, but less ample than, §12102-1, GC. It further provides that the proceedings may be governed by rules, and thereafter Rule 212 of the Rules of Civil Practice was adopted, as follows:

"If, in the opinion of the court, the parties should be left to relief by existing forms of actions, or for other reasons, it may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is exercised."

This is far broader than §12102-6, GC, which limits the discretion of the court to refusing a declaratory judgment only when such judgment would not terminate the controversy or uncertainty.

The case of Brindley v Meara, — Ind., —, 198 NE 301, 101 A.L.R. 682, was one in which a declaratory judgment had been already obtained and affirmed by the Supreme Court of Indiana on appeal in a former case between the parties, reported in Meara v Brindley, 207 Ind. 657, 194 NE 351. Later there was an attempt to found a second declaratory judgment upon the first, in order to obtain coercive relief, and the court held that under the Indiana statute this could not be done. And see an

earlier decision by that court; Owen v Fletcher Savings & Trust Bldg. Co., 99 Ind. App. 365, 189 NE 173.

In Florida and New Jersey the right to a declaratory judgment is restricted to actions equitable in their nature.

Some of the cases in support of the alternative theory are mentioned in the majority opinion. In addition thereto are the following: Michigan—Dissenting opinion of Judge Potter, Miller v Siden, 259 Mich. 19, 242 NW 823. California—Pacific States Corp. v Pan-American Bank of California, 213 Cal. 58, 1 P. (2d) 4; Tolle v Struve, 124 Cal. App. 263, 12 P. (2d) 61; Wollenberg v Tonningsen, 8 Cal. App. (2d) 722, 48 P. (2d) 738. Connecticut—Sigal v Wise, 114 Conn. 298, 158 A. 891. North Carolina—Carolina Light & Power Co. v Lseley, 203 N. C. 811, 167 SE 56. Tennessee—Discussed in Nashville C. & St. L. Rd. Co. v Wallace, 288 U. S. 249, 77 L. Ed. 730, 53 S. Ct. 345. Virginia—Cohen v Rosen, 157 Va. 71, 160 SE 36. See also Borchard, Declaratory Judgments, at pages 101, 147 and 162.

But, as I have said, the question is still open for discussion in Ohio, our guides being the direction in §12102-12, GC, that this act "is to be liberally construed and administered," and the following statement by the Supreme Court in **Walker v Walker, 132 Oh St 137,** 5 NE (2d) 405.

"The declaratory judgments act is a salutary, remedial measure and should be liberally construed and applied."

True, in that case, the Supreme Court affirmed the Common Pleas Court in denying a declaratory judgment pursuant to §12102-6, GC, but the uncontradicted facts, as pointed out by the court, showed that there was no longer any conflict between the terms of the separation agreement and those of the divorce decree concerning which a declaratory judgment was asked, and further, the rights of the parties had already been adjudicated in a suit in the state of Georgia.

We have also the rule of statutory construction, so clearly expressed in the syllabus in **Slingluff v Weaver, 66 Oh St 621,** 64 NE 574, that: "The question is not what did the general assembly intend to enact, but what is the meaning of that which it did enact."

Coming now to examine the provisions of the Ohio Declaratory Judgments Act, it would be well to first inquire into the meaning of the term "remedial measure" as applied to it by the Supreme Court of this state.

"Remedial statutes are therefore called enlarging statutes or restraining statutes." 25 Ruling Case Law 765. See also 37 **Ohio Jurisprudence, 318.**

Clearly, the Declaratory Judgments Act is not restraining; therefore, it must be an enlargement upon previous remedies. That is to say, it both enlarges previously existing remedies and adds to them a remedy which, up to that time, did not exist.

This definition, it seems to me, is exactly consistent with that part of §12102-1, GC, which declares that courts of record "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." The section then continues: "No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for." That appears to apply exactly to the instant case.

Again, in §12102-5, GC, it is expressly provided that: "The enumeration in §§2, 3 and 4 does not limit or restrict the exercise of the general powers conferred in §1, in any proceeding where declaratory relief is sought in which a judgment or decree will terminate the controversy or remove the uncertainty."

Thus is appears that the petition in the instant case for a declaratory judgment can not be objected to on the ground that the same ultimate result might have been obtained by an action in ejectment, because §12102-6, GC, does not deny the jurisdiction of the court to consider an action for a declaratory judgment, but merely gives the court discretion to refuse to enter a declaratory judgment or decree when it "would not terminate the uncertainty or controversy giving rise to the proceedings."

That is very different from denying the right of the court to consider the case at all, if it should appear that its nature is such that another form of action might accomplish the same end.

And lastly, §12102-3, GC, expressly provides that "a contract may be construed either before or after there has been a breach thereof." But where a contract has been breached a remedy by way of a suit for damages has always existed. To be consistent, it would appear to me that the courts holding declaratory judgments to be permissible when no other remedy exists, should also hold that no action for a declaratory judgment would lie concerning a

breach of a contract which had already occurred because the remedy was already afforded, and . this notwithstanding the statute.

Further, a strict application of the Pennsylvania and Michigan rule would lead to the conclusion that it was hardly worth while to enact the Declaratory Judgments Act. Not only have actions at law for the recovery of money or chattel property or real estate, whether by ejectment or replevin or for damages, always been recognized, but it has always been a fundamental maxim that "equity will not suffer a wrong to be without a remedy." Even an anticipated wrong which has not yet actually occurred may be prevented and the rights of the parties established by injunction on the equity side of the court.

Upon the narrow theory of construction, §12102-4, GC, becomes absolutely meaningless, because the statutes of Ohio have long since provided a like remedy for the same parties as enumerated in this section, by way of a suit to construe any such will or deed of trust and by proceedings in the Probate Court concerning the administration of estates.

Applying these principles, which I have endeavored to suggest, to the instant case, I find that at least four issues suitable for determination by a declaratory judgment have been raised, and, I think, all of them by the pleadings. They are:

1. Whether a right of forfeiture existed.

2. If it did, whether a forfeiture actually occurred.

3. The interpretation of Article 13 of the lease as to the right of re-entry of the lessor upon the happening of certain contingencies, so as to determine the precise meaning of the language used concerning these contingencies.

4. The nature of the notice upon which appellant relied for a termination of the lease in question; whether it actually terminated the lease or was merely a notification that by a subsequent act it intended to do so.

Admitting, for the sake of the argument, that these matters might all have been determined in an action for ejectment under §11903 et seq., GC, nevertheless in such an action there would be no necessity on the part of either plaintiff or defendant to plead any of such issues. Hence, if they arose at all, they would do so during a trial by jury. Concerning such general pleadings, the following observation from Bates' Pleading & Practice, §1424-b, seems to me to be pertinent:

"That so general a pleading may often be mischievous is highly probable. For example, under the allegation of legal estate and right to possession the plaintiff could prove that he leased to defendant with forfeiture and right of re-entry on breach of any one of a number of covenants, but which he relies on would not be known until trial. On the other hand, the defendant might have the defense of denial as to one, estoppel as to another, performance as to another, all of which he must be ready to prove, and the plaintiff to rebut, under the issue. The fact perhaps is that this method of pleading—adopted when two trials and an appeal in ejectment cases were in vogue—was intended for a practice allowing several trials and that the repeal of original §§562 and 563 GC was not then contemplated."

I am clearly of the opinion that the questions that I have outlined above afforded ample ground for a judicial determination in the way of a declaratory judgment and would have ended the controversy between the parties so far as their rights are concerned. If it should be necessary thereafter to ask further relief by way of physical ejectment, should that be necessary under such declaratory judgment as might be rendered, it may be had under §12102-8, GC. Any other interpretation cannot be that liberal one which we are admonished to give this act, in Walker v Walker. supra.

In addition, a suit in ejectment, under the circumstances of this case, does not afford complete relief. It is an action for the possession only of real estate, as distinguished from the title to the land itse'f. President, Recorder and Trustees of the City of Cincinnati v White's Lessee, 6 Pet. 432, 8 L. Ed. 452; Toledo Exposition Co. v Kerr, 8 C.C. (N.S.) 369, 18 C.D. 547. Assuming that the plaintiff in ejectment recovered possession of this property, nevertheless the title to this land would still be encumbered with a ninety-nine-year lease of record. That might require the institution of a further suit on the part of the plaintiff to quiet its title, and remove the cloud of this lease. I find no case in Ohio determining whether a cause of action for recovery of possession and one for quieting of title are joinable. In other jurisdictions, the decisions on this are conflicting. However, the provision of the seventh clause of §11306, GC, that claims to recover real property may be joined with causes of action for damages for withholding it, its rents and

profits and the partition thereof, would seem to indicate that in Ohio such a joinder would not be permissible under the maxim "expressio unius est exclusio alterius," especially when it is remembered that an action for ejectment can only be brought by one out of possession, while a suit to quiet title will only lie in favor of one who is in possession.

A declaratory judgment would settle all these matters in one action.

For these reasons I feel that the judgment of the Court of Common Pleas should be reversed, with directions to consider the case and enter such declaratory judgment of the rights of the parties as the law and the evidence may warrant.