**PEARSON v PEARSON**

Ohio Appeals, 2nd Dist, Miami Co

No 362. Decided Dec 11, 1937

W. A. Haines, Troy, Wm. H. Pemberton, Thomas, Hyers, Leyland & Stewart, Dayton, for appellants.

Pickrel, Schaeffer, Harshman & Young, Dayton, Kerr, Kerr & Kerr, Troy, for Olga Marie Finfrock, Alberta Pearson Buchanan, and Marcellus P. Pearson, appellees.

**OPINION**

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Probate Court.

Plaintiff in her petition for a declaratory judgment says that Robert E. Pearson, as executor of the estate of Lorain A. Pearson, deceased, reported an inventory and appraisal of said estate amounting to $140,-000.00; that the appraisers set off exempted property of the value of $2500.00 to the plaintiff, who was the widow of the deceased, which set off was reported in schedule F of said inventory and appraisement and allowed the $2500.00 as her yearly allowance set forth in said schedule G; that thereafter, certain of the appellees, heirs and legatees of the deceased filed exceptions to the allowance to the widow under schedules F and G of the inventory and appraisement; that the grounds for the exceptions were that the plaintiff, prior to her marriage to Lorain A. Pearson, verbally entered into an antenuptial contract, which oral contract was thereafter, to-wit, on January 13, 1936, reduced to writing. It is further alleged that to the exceptions the appel-

lant answered, denying that the purported contract was a bar to the allowance of the widow under schedules F and G; that on the date that the exceptions were to be heard, namely, August 12, 1935, the survivors withdrew the specific exceptions to schedules F and G and filed general exceptions, which were overruled by the court. The petition for a declaratory judgment sets up in its entirety the written contract upon which the exceptions to schedules F and G were predicated and avers that said contract was signed four years and seventeen days after marriage of the parties thereto; that by virtue of §10512-3 GC said agreement will be deemed valid unless attacked within six months after the appointment of defendant executor.

In the body of the petition plaintiff asks the court for an affirmative declaration or judgment to effect that the written instrument is null and void and in the prayer thereof seeks judgment and declaration:

"In regard to the validity of the written statement *.* *; that the same be declared null and void; that the court establish and find that plaintiff's rights, status and legal relations as surviving spouse of her deceased husband, * * * are not in any way affected by reason of the signing and execution of said written instrument aforesaid; and that she be granted any other or further relief in the premises which the court deems just and proper."

Defendants, other than the executor and Robert E. Pearson as an individual, in their answer to the petition, insofar as germane to the question for consideration on the appeal, admit and allege the execution of the agreement set out in the petition and aver that it was reduced to writing and signed as required by §8621 GC; that it was duly witnessed and acknowledged "and that by reason of said antenuptial contract plaintiff's rights under the law in and to the estate of Lorain A. Pearson are released and barred." The prayer of the answer is that the written instrument be declared and adjudged valid and binding upon the plaintiff and for such other and further relief to which defendants may be entitled.

The cause was tried to the Probate Judge. There was, upon the pleadings, presented to the trial court the necessity of considering and determining the effect of the written contract as it related to the rights of the widow as a surviving spouse of decedent. No formal objection to the juris-

diction of the trial court appears in the transcript of docket and journal entries. The trial judge, however, handed down an opinion wherein he refused to enter a declaratory judgment for the reasons that the court was without jurisdiction to determine the subject matter of the issues presented and that such finding, if made, would not terminate the controversy between the parties. The appellant challenges the correctness of the determination of the trial judge and the answering appellees support that conclusion.

We have been favored with the opinion of the trial court and counsel for the respective parties have carefully briefed the questions presented. We may safely assert several propositions, namely, that a controversy had occurred and was in prospect between the surviving spouse of the deceased and the answering defendants, heirs and legatees of deceased; that the executor could not safely make distribution of the personal estate until and unless the rights of the surviving spouse under the law were determined; that if the written contract set forth in the petition was valid and effective in its terms, then the rights of the widow would be greatly decreased and possibly denied altogether and on the other hand, if the instrument was held to be void, invalid or ineffective, then she would be entitled to share as surviving spouse accordingly. Such determination, then, as to the effect of the written contract on the respective rights of the parties under the pleadings would, in our judgment terminate the controversy which had or would arise in the settlement of the Lorain A. Pearson estate and to that extent remove any uncertainty as to the status of the surviving spouse. In this connection the provisions of §12102-5 GC are pertinent:

"The enumeration in §§12102-2-3-4 GC, does not limit or restrict the exercise of the general powers conferred in §12102-1 GC in any proceeding where declaratory relief is sought, in which a judgment or decree will terminate the controversy or remove an uncertainty."

Sec 12102-6 GC authorizes the trial court to refuse to enter a declaratory judgment or decree, if such judgment or decree would not terminate the uncertainty or controversy, giving rise to the proceeding. This section, in our judgment, was not effective to authorize the trial judge to refuse to enter the declaratory judgment.

The next and more difficult question is whether or not the court had jurisdiction to entertain the prayer for judgment and to grant any relief thereunder.

It should be observed that not only did the plaintiff seek declaration of the court as to the effect of the contract, but likewise the answering defendants affirmatively prayed that it will be declared to be a valid and effective instrument, the effect of which was to defeat the right of the widow of those benefits to which she would, in the absence of such agreement, be entitled.

We have held in several instances, notably in Abicht, Executor, v O'Donnell et, No. 2586, Franklin County, decided May 9, 1936, 22 Abs 82, that the Probate Court has broad equity powers under §10501-53 GC, as to all matters incident to the direction, control, conduct and settlement of accounts of executors and order of distribution of estates. The other or further power granted to the Probate Courts by the Uniform Declaratory Judgments Act is largely confined to the form of relief and the procedure incident to invoking that relief rather than to the substantive jurisdiction of the court.

It is the theory of appellees and in part at least by the trial court, that the relief sought by the plaintiffs was a declaration that the written contract was null and void; that either such relief could be administered only in an action to rescind or set aside the instrument or that such specific relief being available to the plaintiff, it precluded the alternative relief under the Declaratory Judgments Act. The request by plaintiff that the instrument be declared null and void would not bind her only to a particular decree to that effect because her prayer is not restricted to such a declaration and if it were and she was not entitled to the full relief prayed but under the averments of the petition was entitled to some relief, then it was the obligation of the court, if so authorized, to decree that relief to which she was entitled. Then, too, the court, if with jurisdiction, was called upon by the defendants to declare that the written instrument was a valid and binding obligation upon the plaintiff, which declaration could be made under the Declaratory Judgments Act, though the court had no jurisdiction to grant all the relief prayed in the petition.

"If the relief sought is not proper, or the most appropriate, the proper relief will be granted" Draper v Moore, 13 O.D. (Re.) 334.

"Though the pleader is mistaken in the relief he asks, yet, if the facts stated show him to be entitled to relief the court will give such relief as the case may require." Block v Koch, 7 O.D. (Re.) 54, affirmed in 29 Oh St 565; Routson v Jackson, 21 O.N.P. (N.S.) 521, affirmed, Court of Appeals, motion to certify overruled, 17 O.L.R. 365; Mossman v Schutter, 5 O.D. (Re.) 404.

It would appear that the parties had invoked the provisions of §12102-8, GC, which authorizes the court to grant by declaratory judgment whatever relief is necessary or proper under the application or petition and further relief if required, after proper parties were brought before the court.

Keeping in mind then, the facts which were before the court by the pleadings and the evidence heretofore adverted to let us examine the specific language of parts of sections of the Declaratory Judgments Act which is the source from which the rights of the parties and the obligations of the court are to be determined. The first section of the Act, §12102-1, GC, provides, interpolating for illustration:

" 'The Probate Court' within 'its' jurisdiction, shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect and such declaration shall have the force and effect of a final judgment or decree."

The first sentence of the section just quoted grants the power to the Probate Court within its jurisdiction (especially as to matters incident to the conduct of the administration and settlement of estates)' to enter declaratory judgments whether or not relief further than that sought or granted could be claimed. Thus, if it be conceded that the Probate Court could not rescind and set aside the written contract as might be done in a general action in equity, yet it would not be precluded from taking a determination of the effect of such written instrument upon rights, then involved in the settlement of the estate of any proper party before the court in the action for declaratory judgment.

Sec 12102-2 GC provides:
"Any person interested under a * * * written contract or other writings constitut-

ing a contract, or whose right, status, or other legal relations are affected by a * * * contract may have determined any question of construction or **validity** arising under the instrument * * * contract * * * and obtain declaration of rights, status or other legal relations thereunder."

And §12102-4 GC:

"Any person interested as or through an executor * * * legatee, heir, next of kin, * * * in the administration * * * of the estate of a decedent * * * may have a declaration of rights or legal relations in respect thereto:

(a) * * *

(b) * * *

(c) To determine any question arising in the administration of the estate * * * including questions of construction of wills and other **writings**." (Emphasis ours).

In our judgment the language employed in these sections is explicit to clothe the Probate Judge with authority and power to determine the status and legal relations of the plaintiff and of the answering defendants by virtue of the written ten instrument under consideration. The gist and effect of the relief sought by the petition and the answer related to the validity of the contract and the purpose is that which is clearly defined in several of the sections of the Declaratory Judgments Act, namely, to fix the status of the parties and their rights as would be determined when the validity or invalidity of the written contract was judicially established.

We narrow the consideration of the rights of these parties to the language of the Declaratory Judgments Act because therein is found the source of authority and the nature and extent to which it may be employed. If we go beyond this act into other states and decisions there found, based upon different or dissimilar acts, we have an endless task. We are satisfied that the facts appearing in this case bring it clearly within both the letter and the spirit of our Declaratory Judgments Act in this conclusion we are not unmindful of the well considered opinion of the court of the Sixth District in the **Eiffel Realty & Investment Co. v The Ohio Citizens Trust Company et,** Ohio Bar May 17, 1937, 55 Oh Ap 1, (23 Abs 562), wherein the majority opinion was written by Judge Carpenter and concurred in by Judge Lloyd, and a dissenting opinion by Taylor, J. This case in the two opinions considers well the Declaratory Judg-

ments Act and discusses such act as found in several of the states of the Union for which purpose we commend its consideration. It would be repetition on our part to cite or discuss the many authorities in that opinion set forth and analyzed but notwithstanding this decision, we believe the plaintiff had the right to invoke a declaratory judgment of the Probate Court. The judgment of the trial court will be reversed and cause remanded for declaratory judgment upon the issues drawn by the pleadings.

BARNES, PJ, concurs.
GEIGER, J, concurs in judgment.

## ON MOTION TO CERTIFY

Decided Feb 4, 1938

By THE COURT

Submitted on motion of defendants-appellees to certify our judgment as in conflict with the judgment of the Court of Appeals of the Sixth Appellate District in the case of the **Eiffel Realty & Investment Company v Ohio Citizens Trust Company et, 55 Oh Ap 1 (23 Abs 562).**

We are in doubt if the ultimate questions presented and determined in the two cases are identical, but there is enough similarity in the principles involved that we are satisfied to make the certification. It will be so ordered.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.