## Richmond

SARAH JOHNSON VARDELL

v.

WILLIAM NORMAN VARDELL

April 29, 1983.

Record No. 801657.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and Harrison, Retired Justice.

*Jay G. Kauffman* for appellant.
*Frederick J. Hinton (Paul, Smith and Blank*, on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this divorce case, the question is whether evidence of the eviction of one spouse from the marital abode, pursuant to an injunction order entered *ex parte* at the request of the other spouse, is sufficient, standing alone, to support a divorce on the ground of cruelty.

Appellant Sarah Johnson Vardell filed a bill of complaint and petition for injunction in the court below on April 18, 1979 against appellee William Norman Vardell. She alleged the husband physically abused her causing reasonable apprehension of bodily hurt. Among other things, she sought a divorce on the ground of cruelty and constructive desertion, spousal support, and custody of the minor child of the parties as well as child support. The wife also asked that defendant be enjoined and restrained from "going on the premises" of the marital abode, owned jointly by husband and wife.

On the same day, an *ex parte* hearing was held without notice to the husband on the wife's request for the injunction. Upon considering evidence offered by the wife, the trial court, acting

through Judge D. W. Murphey, entered an order preventing defendant from "going on the premises" of the home of the parties or "from contacting or molesting the plaintiff or their infant child at any time or any manner." *See* Code § 20-103.

Later that day, while the husband was at home, he responded to a knock on the door and was served by the sheriff with the subpoena in chancery and the injunction order. The husband voluntarily left the premises. Thereafter, the parties, who to that point had been living in the residence as husband and wife, remained separated. On April 26, after a hearing attended by the parties in person and with counsel, Judge Murphey extended the original eight-day term of the injunction for an indefinite period.

Subsequently, the husband filed an answer and cross-bill alleging the wife "constructively deserted the [husband] in that the [wife] had [husband] enjoined and restrained from going into his residence . . . or from contacting [wife] or their infant child, which injunction was without cause or justification." The husband sought a divorce on the ground of constructive desertion, custody of the child, and dissolution of the injunction.

After depositions were taken in support of the bill and cross-bill, the trial court, acting through Judge Gates, denied the wife's request for divorce. The court decided the wife had failed to sustain her burden to prove that the husband was guilty of cruelty. Instead, the court granted the husband a divorce on his cross-bill, ruling "the [wife] constructively deserted the [husband] on April 18, 1979, when she asked for and was granted an injunction against the [husband]."

On appeal, the wife concedes she failed to offer sufficient corroboration of her testimony to establish that the husband's conduct entitled her to a divorce based upon his cruelty. But, she maintains, the trial court erred in holding that the court-ordered ejection of her husband from the family domicile constituted cruelty and desertion on the wife's part. We agree.

■ We repeatedly have held that the absenting of one spouse from the other after the institution and during the pendency of a suit for divorce is not desertion in law and is not an act upon which a suit for divorce may be predicated. *Roberts v. Roberts*, 223 Va. 736, 740, 292 S.E.2d 370, 372 (1982); *Alls v. Alls*, 216 Va. 13, 14, 216 S.E.2d 16, 17 (1975); *Hudgins v. Hudgins*, 181 Va. 81, 87, 23 S.E.2d 774, 777 (1943). Indeed, one prosecuting a suit for any form of divorce who cohabits with the defendant usu-

ally condones the offense or affirms the marriage sought to be terminated. *Craig* v. *Craig*, 118 Va. 284, 292, 87 S.E. 727, 730 (1916). *See* Code § 20-94.

■ Here, the separation of the parties was accomplished by court action. In two hearings, one *ex parte* without notice and the other an adversary proceeding, the wife presented evidence which satisfied the chancellor of her equity as to the injunction. *See* Code § 8.01-628.*

In granting the initial injunction and subsequently extending its term, the trial court implicitly decided that the wife presented facts sufficient to demonstrate a reasonable likelihood that her health and safety would be endangered if the parties remained in the home together. Indeed, the evidence presented by her, although uncorroborated, on the merits of the divorce show the conduct of the husband toward the wife during the period immediately before the suit was filed. For many months, severe acrimony and discord had existed between the parties. For example, in early April of 1979, the Vardells drove to Florida to visit one of their adult sons. An argument developed among the parents and the son. The wife decided to return to Virginia. During the two-day return trip, according to the wife, the husband refused to speak, turn on the car radio, or provide sufficient food for the wife. She was without funds and, on several occasions en route, he threatened to leave her "[sitting] out on the side of the road."

■ Consequently, because the wife presented evidence in support of the injunction legally sufficient to cause the chancellor to require the parties to separate, such action, without more, may not *ipso facto* be converted into a basis for granting a divorce to the husband when the wife is unsuccessful in proving her grounds for a divorce.

The husband's emphasis on *Brooks* v. *Brooks*, 200 Va. 530, 106 S.E.2d 611 (1959), is misplaced. In that case, an injunction was entered at the husband's request after an *ex parte* hearing without

---

* Although the requirement of notice to the adverse party before entry of a temporary injunction, Code § 8.01-629, rests largely in the discretion of the trial court, "the cases are rare indeed which justify the awarding of [such an] injunction without notice to those affected thereby." *Cohen* v. *Rosen*, 157 Va. 71, 76, 160 S.E. 36, 37 (1931). Notice may be dispensed with only in "cases of the most obvious necessity for prompt action, and where the ends of justice would be defeated by delay for the notice to be given." *Bristow* v. *Home Building Co.*, 91 Va. 18, 23-24, 20 S.E. 947, 949 (1895). Nevertheless, because we do not have the issue before us, we do not decide whether the trial court was justified in dispensing with notice to the husband of the April 18 hearing.

notice to the wife. The order restrained the wife from remaining in or coming to the marital abode and directed that the infant child of the parties be delivered to the husband. Upon entry of the order, the sheriff, who was a relative of the husband, and a deputy proceeded to the parties' home. The order was served on the mother. The child was forcibly removed from the mother's arms and delivered to the husband. About 30 minutes later, the officers returned with a truck to move the wife from the home. Although the rear door was locked, they entered through the open front door. The wife retreated to a bedroom and locked the door. When she refused to open the door, the sheriff kicked it open as suggested by the husband. She was taken to the kitchen and during the scuffle her dress became unbuttoned. The sheriff handcuffed her, fastened the dress, placed her in his automobile, carried her to the courthouse one mile away, and released her behind the jail "to fend for herself." 200 Va. at 538, 106 S.E.2d at 617.

This Court, noting the injunction order did not direct the sheriff to remove the wife from the home, found the sheriff acted "hastily" and followed the instructions of the husband who told him " 'to break the door down if necessary.' " *Id*. The Court held that the conduct of the husband and his cousin, the sheriff, amounted to "gross cruelty and humiliation," constituted "terrible treatment," and clearly established that the husband was guilty of cruelty tantamount to constructive desertion. *Id*.

The egregious circumstances in *Brooks* stand in striking contrast to the facts in the present case. Here, the initial decision to evict, made *ex parte*, was affirmed within eight days upon a full adversary hearing. The actual eviction was uneventful; it was in accord with the letter of the injunction order and was unaccompanied by the disgraceful conduct present in *Brooks*. Thus, *Brooks* is not controlling here.

For these reasons, those portions of the July 1980 final decree awarding the husband a divorce on his cross-bill, and permitting the wife to resume her maiden name, will be set aside and annulled. The trial court's decision that the wife has failed to prove defendant was guilty of cruelty has, of course, become final. Thus, the suit will be remanded on the wife's bill of complaint for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

RUSSELL, J., concurring.

In this case the wife offered substantial proof of her grounds for an injunction at an adversary hearing attended by the husband and his counsel. It was strengthened by later evidence offered on the merits of her claim for divorce. For this reason, I agree with the rationale and the holding of the opinion.

I think it worthy of note, however, that if the wife's claim for injunction had not been so fortified, a different result might obtain. It is hard to imagine a more drastic and complete withdrawal from the marital relationship than obtaining, without good cause, an *ex parte* injunction which evicts one's spouse from the marital home. An *ex parte* showing of equity would, in my view, be insufficient to shield the complaining spouse from a charge of constructive desertion, where such an eviction later proves to have been unfounded.