### ABICHT v O'DONNELL et

° Ohio Appeals, 2nd Dist, Franklin Co

No 2586.   Decided May 9, 1936

Florence G. Denton, Columbus, for plaintiff in error.

G. C. Raver, Columbus, for defendant in error.

### OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas of Franklin County, Ohio.

The action originated in the Probate Court of Franklin County, Ohio, wherein on January 22, 1935, defendants in error as plaintiffs filed their petition setting out in substance the fraudulent handling of the assets of the estate by the executor whereby a mortgage note of the worth of $1000.00 was falsely represented to be of the value of only $100.00; that the said executor improperly and erroneously charged himself with $100.00 instead of $1000.00; that the final account was filed on the 23d of June, 1932. The prayer of the petition was that the administration of the estate be opened; a confirmation of the final account be set aside, and that plaintiffs be given the opportunity and right to file exceptions and for such other relief to which they may be entitled in the premises.

Upon hearing in the Probate Court judgment was returned in favor of the plaintiffs.

Error was prosecuted to the Court of Common Pleas and from the transcript of docket and journal entries it appears that in the first instance motion to dismiss the petition in error was sustained on the ground that it did not appear that there was a final judgment in the Probate Court. Upon motion for rehearing in the Common Pleas Court the order of dismissal was set aside and the cause heard on its merits for the claimed reason that the Probate

Court had by nunc pro tunc entered a final judgment.

In the transcript of docket and journal entries we did not find the nunc pro tunc order of the Probate Court, but we will assume for the purposes of this hearing that this is an inadvertence.

The final judgment of the Court of Common Pleas affirmed the judgment of the Probate Court. This is the final order from which error is prosecuted in this court.

The petition in error sets out three specifications of error, each very general in its terms and all inclusive, attacking and questioning the correctness of the judgment in the court below.

A petition in error was filed in the Common Pleas Court and also filed in this court as an original paper.

In effect it is nothing more than the statement of counsel as to their respective claims together with a colloquy between counsel and the court followed by the opinion from which the entry in the Probate Court was formulated.

The sole and only question for determination is as to the jurisdiction of the Probate Court to hear and determine the case on the original petition. It is the claim and contention of counsel for the executor that the action of the Probate Court in affirming the final account on the 23rd day of June, 1932, could not be opened up by the plaintiffs below through their petition filed January 22, 1935. This claim is based upon the theory that the Probate Court is a court of limited jurisdiction having no power to open up its judgments except as may be authorized under the statute. Further, that the Probate Court does not have original equity jurisdiction and whenever it is sought to set aside the judgment of the Probate Court on equitable grounds such action must be originally brought in the Common Pleas Court.

Many decisions have been cited authorizing the setting aside of judgments where obtained through fraud, but these cases are not pertinent to the present inquiry because decided before the adoption of the new Probate Code, effective January 1st, 1932.

It can serve no useful purpose to comment on these cases other than to say generally that the Common Pleas Court was the court of general jurisdiction clothed with the power to not only set aside his own judgments when procured through fraud, but included in this power was the same right as to judgments of all inferior courts where no statutory authority could be found

to proceed in the court entering the judgment. That Probate Courts are not courts of general jurisdiction is well recognized and needs no authority in support of the statement. Their jurisdiction is such and only such as is conferred upon them by constitution or statute with such auxiliary and incidental powers as are necessary and proper to carry into effect those expressly granted.

The constitution defines the jurisdiction of the Probate Court as follows:

"Probate Courts shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties as may be provided by law."

The last phrase "as may be provided by law" as contained in the constitution at once discloses that the Probate Court has capacity for receiving jurisdiction as great as that of the Court of Common Pleas. In fact it has been held that the legislature may confer upon the Probate Court any jurisdiction that it sees fit to grant.

The section of the constitution conferring jurisdiction on the Common Pleas Court is no more comprehensive than the constitutional provision relative to Probate Courts but the Legislature in its enactments has given general jurisdicton in civil and criminal actions unless restricted by other legislation. In order to determine the issuable question in the instant case we must search the Code for legislation pertinent to the inquiry.

Thereafter we searched for decisions construing these several sections, but not finding any under the present language of the legislation, the issue becomes one of first impression. The following sections of the Code are pertinent and in point:

Sec 10506-40, GC, reads as follows:

"Sec 10506-40 GC. The determination of the Probate Court on the settlement of an account shall have the same force and effect as a judgment at law or decree in equity, as the particular case may require, and shall be final as to all persons having notice of the hearing, except:

(a) Upon review or appeal according to law; and

(b) When an account is settled in the absence of a person adversely interested, and without ac.ual notice to him, it may be opened on his filng exceptions to the account within eight months after such settlement; and

(c) Upon any settlement of an account all former accounts may be so far opened as to correct a mistake or error therein, on condition, however, that a matter in dispute that has been previously determined by the court shall not be brought in question by either of the parties without leave of court upon good cause first shown; and

(d) In case of fraud or collusion; and

(e) As against rights which are saved by statute to persons under disability. (114 v 372. Eff. Jan. 1, 1932.)"

This section as effective January 1st, 1932, supersedes old §§10834, 10835, 11032 and 11033 GC. The last amendment contains some provisions entirely new and some significance may be attached to the new and additional provisions therein. This section pertains to the settlement of accounts and provides that such settlement shall be final as to all persons having notice of the hearing, "except." Following the word "except" are five subdivisions identified under (a), (b), (c), (d) and (e). In the instant case notice was not given to the plaintiffs below since they were all residents of a foreign country and at the time of settlement were not within the jurisdiction of the state of Ohio. It will be observed that one of the exceptions under (d) reads: "In case of fraud or collusion." It is very clear from the allegations of plaintiffs' original petition that they bring themselves within the exceptions and that they charge fraud.

However, this section does not specifically provide as to whether or not the Probate Court would have jurisdiction to set aside its judgment of settlement of the final account on the ground of fraud after the lapse of some two and one-half years.

Before passing to the next section of the Code we make reference to Deibel's Ohio Probate Law Practice, 1936, 3d Ed., §721, and the nine pages of notes following. Sec 10501-17 GC reads as follows:

"Sec 10501-17 GC. The Probate Court shall have the same power as the Common Pleas Court to vacate or modify its orders or judgments."

This language is all inclusive, and by its terms would not limit to statutory grounds unless under the provision of he constitution or other legislative enactments a restricted application must be given.

We find no limitation under the provisions of the constitution. As heretofore sta.ed the constitution confers the right upon the Legislature to grant unlimited jurisdiction to the Probate Court.

We know of no legislation by which the all inclusive language of §10501-17, GC, supra, is limited to statutory grounds for vacation or modifica.ion of its orders and judgments. Prior to the adoption of §10501-17 GC, effective January 1, 1932, the Probate Court had no power to vacate or modify its orders or judgments. Under the prior law the Common Pleas Court in a proper case had such power.

**Seeds v Seeds, 117 Oh St, 144.**

**McEntire v McEntire, 107 Oh S', 510.**

**Darst v Phill.ns, 41 Oh St, 514.**

**Coats v Bank, 23 Oh St, 515.**

**Long v Mulford, 17 Oh St, 485.**

The exercise of this jurisdiction by the Court of Common Pleas was by virtue of its general equity powers. Under the limited jurisdiction of the Probate Cour. it had no original equity jurisdiction not because under the constitution such might not have been granted but for the sole reason that the Legislature had not so legislated. Neither the constitution nor the legislation preempts equity jurisdiction to the Common Pleas Court. Whenever and wherever the Legislature desires to confer equity jurisdiction upon the Probate Court it has the power so to do. For a history of the constitutional, civil and equitab'e jurisdiction of Common Pleas Courts we make reference to **Volume 11, Ohio Jurisprudence (Cour's), §§184, 185 and 186.** In §186 the following will be found:

"The statute conferring jurisdiction upon the Courts of Common Pleas in all civil cases gives to that court full power as a court of chancery to make all such orders as are authorized by well established chancery practice provided such orders are not inconsistent with the prescribed code of civil procedure nor a violation of the constitutional or statutory rights of citizens."

We make the quotation for the purpose of illustrating that neither the constitution nor the statute expressly states that Courts of Common Pleas have equity jurisdiction but the latter is inferred from the grant of jurisdiction in civil cases. That §10501-17, GC, supra, granting the power to Probate Courts or rights to vacate or modify its orders or judgments the same as Com-

mon Pleas Courts does include all statutory rights now given to the Common Pleas Court, and we think goes farther and includes similar inherent rights heretofore exercised by Common Pleas Courts to set aside its orders or judgments on equitable grounds. The principle of law is so well established as to require no citation of authorities that Courts of Common Pleas have always had inherent right to set aside their orders and judgments upon the ground of fraud; that vacation under favor of statute is merely cumulative of such chancery jurisdiction.

That Probate Courts have heretofore exercised equitable jurisdiction in a few instances is stated in the text, **Volume 11, Ohio Jurisprudence (Courts), §201.**

We also call attention to §10501-53, GC. This is the section conferring jurisdiction on Prboate Courts in certain specific subjects. The last paragraph of this section reads as follows:

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court unless the power is expressly otherwise limited or denied by statute."

This is an added provision definitely granting equity power to the Probate Court on all matters properly before the court.

At this time we might say that the determination of this case has been attended with difficulty and further that we want to thank counsel for their very comprehensive briefs.

It is our conclusion that the judgment of the Court of Common Pleas and that of the Probate Court should be affirmed and it is so ordered.

Costs in this court will be adjudged against plaintiff in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.