## ADAMS v VERCOE & CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2745    Decided July 10, 1937

Henney & Henney, Columbus, for plaintiff-appellant.

Wilson & Rector, Columbus, for defendant-appellee.

## OPINION

By THE COURT

### THE PLEADINGS

In the court below the plaintiff, in his second amended petition, alleges that he is the administrator of George Linn, deceased; that the defendant, Vercoe & Company, is a partnership; and that the defendant, The Columbian Building & Loan Association, is a corporation.

He alleges that on the 19th day of July, 1929, his decedent, George Linn, purchased from The Columbian Building & Loan Company and became the owner of a certificate of deposit for $2,800.00, which the said decedent placed in his safety deposit box, and that on or about the 29th of October the defendant, George G. Linn, while the decedent, George Linn, was mentally

incompetent, entered the safety deposit box and wrongly and without right took possession of said certificate, and without authority endorsed the name of the decedent thereon, and transferred the same to the defendant, Vercoe & Company, the decedent, George Linn, being at all times the owner, having immediate right to possession That on or about the 29th of October, 1929, Vercoe & Company, for their own use and benefit, without right, presented the said certificate of deposit to the defendant. The Columbian Building & Loan Company, which upon receipt of said certificate, paid the same to the defendant, Vercoe & Company; that George Linn received nothing from any of the transfers of said certificates, and that there is due the plaintiff from the defendants the sum of $2800.00, which he claims with interest. Plaintiff prays judgment against the defendants in said sum.

After the action was begun George G. Linn died, and the action was not revived in the name of his administrator. The Columbian Building & Loan Company, having been placed in the control of the Superintendent of Building & Loan Associations of Ohio, the action was dismissed as to it, and continued against Vercoe & Company only.

On the second trial had in pursuance of the order of this court, the plaintiff introduced his evidence and the defendant thereupon moved for an instructed verdict, which motion was overruled. Thereupon, the defendant introduced its evidence and renewed its motion for an instructed verdict. The plaintiff also moved that the court instruct the jury to return a verdict in his favor. The court, upon consideration of the motions, overruled the plaintiff's motion and sustained that of the defendant, and directed the jury to return a verdict in favor of the defendant. This being done, the plaintiff filed his motion for a new trial on the ground that the court erred in failing to direct a verdict for the plaintiff, and in directing a verdict for the defendant, and for failing to submit the issues to the jury. The plaintiff also filed his motion for a judgment notwithstanding the verdict; the court overruled the motion for a new trial and the motion for judgment non obstante veredicto. Plaintiff again gave notice of appeal and the cause is again before this court.

### THE EVIDENCE

The plaintiff identified and introduced as Exhibit A a certificate of deposit of The Columbian Building & Loan Company, dated July 19, 1929, for $2800.00, in the name of George Linn. 20 East Broad Street, Room. 201. The certificate is endorsed "George Linn," but admittedly in the handwriting of George G. Linn.

A withdrawal slip of the Building & Loan indicates that on October 30th the certificate in question was paid by The Citizens Trust & Savings Bank to the Ohio National Bank.

In the first trial there was some dispute as to whether or not the endorsement on the back of the certificate was in the handwriting of George Linn, the owner, or of George G. Linn, the nephew of the owner. On the last trial it was admitted by the defendant that the signature was that of George G. Linn, the nephew.

A number of exhibits were filed showing the handwriting of both George Linn, the uncle, and George G. Linn, the nephew, but these are now of no consequence, because of the admission that the signature was that of the nephew.

Plaintiff's Exhibit H is a certificate of deposit for $3000.00 dated July 19, 1929, in the name of George Linn, and endorsed by George Linn, the uncle. It was cancelled by the re-issue or by the issue of a certificate for $2900.00. The certificate for $2900.00 was dated July 19th; it appears from the card, Exhibit B, that its date of issue was September 7th, and the certificate for $2900.00 issued on that day was cancelled on October the 8th and paid by the $2800.00 in question, the difference being paid in cash. The cancelled $2900.00 certificate is not in evidence so that we are not informed as to whether it was endorsed by George Linn, the uncle, or by George G. Linn, the nephew.

The defendant's testimony related to the transaction that Vercoe & Company had with the nephew, George G. Linn, and tended to show that the office force of Vercoe & Company, a partnership, was acquainted with George G. Linn, who had been a customer of the company for some time prior to the transactions in question, through operations in a grain account only; that the company never knew the uncle, George Linn, not knowing that there were two individuals of the same name.

Defendant introduced as an exhibit an account in the name of George Linn, 20 East Broad Street, showing that on October 23, 1929, there was a deposit of a certificate of the Columbian Building & Loan Association for $2800.00, which appears to have been credited as cash in the sum of

$2800.00 on October 29th. The exhibit shows stock transactions from October 29th, 1929, to December 8, 1930. There were not many stock purchases or sales; the purchases amounting to $5500.02, and the sales to $5357.51, showing a net loss over the period in the stock transactions of $142.51.

At the same time, while this account was being operated there was a grain account in the name of George G. Linn, address 20 East Broad Street. It was, however, testified that George G. Linn's original address when the account was opened was West Jefferson. The stock account shows that upon the credit of the $2800.00 for the certificate there was transferred to the grain account, $250.00, and on November the 12th a further sum of $1000.00. But on November 25th, 1929, there was transferred from the grain account to the stock account, $1285.71, which transfer balanced and closed the grain account. Thereafter all transactions were had in the stock account then in the name of George Linn, 20 East Broad Street. The net result of the operation of these two accounts was a loss of $89.31, which included the fees paid to Vercoe & Company.

There was some attempt to show that inasmuch as there were two accounts, one with George G. Linn of West Jefferson, and one of George Linn, 20 East Broad Street, that each account was with a different individual; but the evidence shows, as a matter of fact, both accounts were operated by George G. Linn, the nephew. This is admitted by the amended answer of Vercoe & Company.

There is evidence that George Linn was taken to the Sanatorium December 31, 1929.

It appears from the record that the certificate was brought to the office of Vercoe & Company on October 23, 1929, and thereafter continuously, the accounts, both grain and stock, were operated by George G. Linn, the nephew, until final balancing item on the grain account was November 28, 1929, when $1285.71 was transferred to the stock account. From October 31, 1929, on until his death George Linn was mentally incompetent.

We are left in the dark in reference to certain matters concerning which the record might have been more complete.

It is admitted that George G. Linn signed the certificate of deposit and presented the same in person to Vercoe & Company on October 23, 1929. The record is silent as to whether or not George G. Linn had any authority to endorse the certificate as the agent of his uncle. It occurs to us that had there been any circumstances indicating an agency, that the testimony should have disclosed it.

The agent of Vercoe & Company testifies that checks were sent out to George Linn, 20 East Broad Street but there is no exhibit of these checks.

### CLAIMS OF PARTIES

It is claimed by counsel for plaintiff that under the former ruling of the court a prima facie case was made when it was shown that the certificate was endorsed by George G. Linn, and the burden was then placed upon the defendant to produce evidence establishing a defense against the plaintiff's prima facie right to recovery; that the evidence fails to do this and that therefore a verdict should have been directed in favor of plaintiff, but in any event the case should have been submitted to the jury and that the court erred in instructing the jury to find in favor of the defendant. The defendant on the other hand, while not admitting the correctness of the former ruling of this court, insists that the defendant has shown that the money secured from the certificate was as a matter of fact distributed to the party entitled thereto and that the judgment of the court below was correct. The court below took the position that the evidence of the defendant established the fact that the money was distributed to George Linn and that there was no evidence that George G. Linn ever recovered any of the proceeds of the certificate and that a complete defense was established when it was shown that the proceeds were placed in the name of George Linn at the business and office address of George Linn. The court held that there was no proof that George Linn was deprived of his property and that the burden was on the plaintiff to prove that fact.

In spite of the evident good faith of Vercoe & Company in its transactions in relation to this certificate and the payment to George G. Linn of its proceeds, we must arrive at the conclusion that it was not within the province of the court to determine the rights of the respective parties as a matter of law, but that the cause should have been submitted to the jury As a consequence we must reverse the court below and remand the cause for further proceedings.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.