### ADAMS, Admr v LINN, et

Ohio Appeals, 2nd Dist, Franklin Co

No 2958.   Decided March 20, 1939

Wilson & Rector, Columbus, for defendant-appellant.

Ralph Henney, Columbus, for plaintiff-appellee.

BY THE COURT:

This is the third appearance of this case before this Court on appeal from the Court below. Two decisions of this Court will be found, one in 22 Abs 34, and the other in 25 Abs 382. In these reports the issues are elaborately stated and it will not be necessary for us to again set them out or to comment upon the evidence, as it is in

this case substantially as in the former cases.

The first hearing before this Court was to review the action of the Court in directing a verdict and rendering a judgment for the defendant, Vercoe. & Company. This judgment was reversed ...nd the case sent back for a new trial on the ground that the plaintiff had established a prima facie right to recover and that the burden was upon Vercoe & Company to establish its defense.

The second review by this Court was that of the order of the Court below in sustaining the defendant's motion for a directed verdict and this Court then announced in its opinion,

"We must arrive at the conclusion that it was not within the province of the court to determine the rights of the respective parties as a matter of law ,ut that the cause should have been submittd to a jury."

In each of the findings of this Court a motion to certify the record was overruled by the Supreme Court.

In the trial now under review upon substantially the same evidence the trial court directed a verdict for the plaintiff, which action of that Court is now before us. .

We have gone over the evidence again as presented by the bill of exceptions and may repeat our conclusion in our last review, "that the cause should have been submitted to a jury". Certainly the case presents evidence upon which reasonable minds may differ.

We are further of the opinion that the Court should have allowed the testimony proffered by the defendant as to the custom of mailing notices, to have been submitted to the jury. It related largely to well established custom which was the best evidence available. The jury was entitled to hear it.

Judgment reversed, cause remanded for further proceedings.

HORNBECK, PJ, GEIGER and BARNES, JJ, concur.