**DECKER, Estate of, In re.**

Ohio Appeals, Second District, Miami County.

No. 431. Decided May 7, 1945.

554

Parker L. Snyder, Columbus, and Joseph F. Ford, Columbus, for Tax Commissioner.

Estabrook, Finn & McKee, Dayton, for appellees.

## OPINION

By HORNBECK, P. J.

This is an appeal which proceeds as upon questions of

law from an order of the Probate Court, Miami County, dismissing a supplemental application of the appellant to redetermine inheritance tax.

The record in this court is confined to a transcript of docket and journal entries from the Probate Court of Miami County which begins under date of May 24, 1944, with a supplemental application for redetermination of inheritance tax and certain files in the matter of the estates of Valentine Decker, deceased, and Walter J. Decker, deceased. On June 29, 1944, defendants moved to dismiss the supplemental application and thereafter filed a substitute motion to dismiss the supplemental application for the reason that the court has no jurisdiction of the cause. The court sustained the motion.

The supplemental application "moves the court for an order to determine inheritance tax on certain transfers of property made by Valentine Decker prior to death and which were not included or considered by the court in its entry determining inheritance tax on the 12th day of November, 1937."

That the "decedent sometime prior to his death which was July 23, 1937, transferred 492 shares of stock" of a total of 500 shares, "of the Val Decker Packing Co. to his four sons, * * * each receiving 123 shares." That said transferred shares were of the approximate value of $1,000.00 at the time of the death of Valentine Decker. "That under the will of Valentine Decker the four sons were named executors, and that when the application to determine inheritance tax was filed they wilfully neglected to include under the schedule prescribed for transfers the above noted shares of stock which was contrary to the provisions of §§5345-4 and 5345-5 GC."

The Tax Commissioner moves "for an order to determine inheritance tax on the 492 shares of stock of the Val Decker Packing Co. transferred to his four sons equally, prior to death; and for a twenty-five per cent penalty against said sons, as executors, * * *."

Testimony was taken upon the hearing on the motion but it is not made the subject of a bill of exceptions or otherwise brought to our attention on the record.

Two errors are assigned:

1. That the Probate Court erred in holding that it did not have jurisdiction in this cause.

2. The decision of the Probate Court is contrary to law.

556

It appears that Valentine Decker died testate July 23, 1937, a resident of Miami County, Ohio, leaving four sons surviving who under the will shared equally in his estate. These four sons were named executors by his will, qualified as such, administered and settled his estate. They were appointed November 11, 1937.

The executors in filing their application to determine inheritance tax, set out, under Schedule A of said application, an itemized statement of the property owned by the decedent at his death and listed debts and costs of administration.

Under Schedule C were set forth the names and addresses of the beneficiaries under the will, their interests, the value thereof and their relationship to decedent.

Under Schedule D of the application, which is headed "Transfers During Lifetime of Decedent", the application was left blank.

On November 12, 1937, the court determined the amount of tax to be paid by each of the beneficiaries under the will including the four sons of testator. This order and copies of the application were forwarded to the Department of Taxation on November 12, 1937, which waived its right to file exceptions thereto within sixty days.

Walter J. Decker, one of the sons of Valentine Decker and one of the executors of his estate, died September 6, 1941, and tax on the successions to his estate fixed. It appears from the briefs that another son, Louis V. Decker, and a co-executor, died in 1943 and his estate is being administered in the Probate Court of Miami County.

It is urged in the brief of appellant that he first learned in October, 1942, of the inter vivos transfers from Valentine Decker to his sons during the preparation of the case for the hearing on exceptions to the determination of the tax in the estate of Walter J. Decker. This becomes immaterial in the light of the action of the court here under consideration and, if material, is not properly before us.

It is the claim of the appellant that the Probate Court had inherent jurisdiction to entertain the supplemental application to fix the inheritance tax on the successions to the sons of Valentine Decker and should have considered and decided whether or not a tax should be levied.

It is the claim of appellees, first, that no fraud appears on the part of the executors. This claim must be restricted to the record and the inferences to be drawn therefrom and precludes consideration of many aspects of the case developed and discussed by counsel in their briefs and in oral argument. Second, that the Probate Court has no power or jurisdiction

to open up the question of the determination of the inheritance tax in this estate except that which is expressly granted by statute. That recourse is restricted to §11576 GC or to §11631 GC if the order heretofore made as to the inheritance tax is to be opened up, modified or vacated and that these statutes afford no procedural right to the appellant. Third, that the Tax Commission has failed to avail itself of §5346 GC which provides in part that it

"may file exceptions thereto (the determination of taxes) in writing with the probate court within sixty days from the entry of the order, * * *."

We approach the determination of the question presented with some trepidation for the reason that we reach our conclusion upon a somewhat different theory from that advanced by counsel for either party or by the trial judge, all of whom have given careful and painstaking attention to the law of the case.

It should be noted at the outset, that the order in this case was invoked by a motion directed to the one question, viz., the jurisdiction of the court to act upon the supplemental application for a determination of the inheritance tax. This fact, in our judgment, precludes any consideration of the question of laches or any statute of limitation because these defenses are inconsistent with the claim of lack of jurisdiction. There is grave doubt if they could be set up if this proceeding reaches the place where it would be heard on its merits. A well recognized rule relating to the immunity of the State against defenses ordinarily available against an individual is set out in State of Kansas v Nagle, Exr., etc., 100 Kan. 495, 1917 E. L. R. A. 1160.

2 Syl. "Rule followed that no inaction, procrastination, or delay on the part of public officers will prevent the state from recovering its due, nor bar the state's right thereto."

We find no specific provision in the inheritance tax chapter of the Code for the opening up of the Valentine Decker estate at this late day to determine whether or not further succession taxes are due. Decision of the matter of inheritance taxes has been made in a formal order which upon the face of the record, at least, is valid and final.

The supplemental application for redetermination of the inheritance tax makes no charge that the transfers of the shares of stock by Valentine Decker to his four sons was in

contemplation of death or without full consideration therefor. The tax is levied upon the succession to property passing, by deed * *, made without valuable consideration substantially equivalent in money or money's worth to the full value of said property:

(a) "In contemplation of the death of grantor, * * * or
(b) "Intended to take effect in possession or enjoyment at or after such death." **Sec. 5332 GC.**

It is not averred that the wilful neglect of the executors to fill out Schedule D of the application to fix inheritance tax was a fraud practiced by them as executors to procure the order which omitted determination of succession tax upon the transfers made to them as individuals, sons of Valentine Decker.

We are committed by **Abicht, Exr. v O'Donnel, 52 Oh Ap 513,** to the proposition that the Probate Court has inherent equity jurisdiction to set aside its orders or judgments even after term upon proper showing. The language of §5340 **GC** investing the Probate Court with power under the Inheritance Tax Act is broad. It provides that the Court

"shall have jurisdiction to hear and determine the questions arising under the provisions of this subdivision of this chapter, and to do any act in relation thereto authorized by law to be done by a probate court in other matters or proceedings coming within its jurisdiction; * * *. Such jurisdiction shall exist not only with respect to successions in which the jurisdiction of such court would otherwise be invoked, but shall extend to all cases covered by this act, to the end that succession inter vivos taxable under the provisions of this subdivision of this chapter, may be reached thereby."

If the Probate Court is remanded to the statutory authority for opening up, vacating, or modifying judgments it may not proceed in this case.

**Sec. 11576 GC** relates to the granting of a motion for new trial which may not be invoked because the motion could not be filed either within three days succeeding the order determining the tax in the estate. or under §11580 **GC** which must be made not later than the second term after discovery nor more than one year after final judgment rendered. Further, §11580 **GC** requires the proceedings thereunder to be instituted by petition.

Sec. 11631 GC may not be invoked because it is not alleged that fraud has been practiced by the successful party in obtaining the order and this section likewise contemplates that any action which could be given effect here should be instituted by petition.

We then test the motion in this proceeding and the files in the administration of the Decker estates to determine if the trial court had jurisdiction to decide if succession tax should be levied on the shares of the stock which were transferred to the sons of Valentine Decker.

Apparently it is the view of the plaintiff that the court has the same authority here to proceed as it would upon original application and that nothing more is necessary to invoke that jurisdiction. We do not accede to this view

"And we do not forget that a judgment, until reversed, must be deemed valid, because it is the sentence of the law on the record of the facts (3 Blackstone Com., 395), and, therefore, it is immaterial whether the facts be true or false." Martin, J. in **Darst v Phillips, 41 Oh St 514.**

The order here differs from that under consideration in **In Re Estate of Maxhimer, 139 Oh St 444,** where the court had assessed inheritance taxes by a temporary order, the remaining amount of taxes thereafter accruing because of the happening of a contingency creating other successions. **Secs. 5336 and 5343 GC.**

The basis for the supplemental application to determine the inheritance tax is that the four sons, as executors, "wilfully neglected to include, under Schedule D of the application for determination of inheritance tax, the transfers of the shares of stock to the sons contrary to §§5345-4 and 5345-5 GC."

Sec. 5345-4 GC provides:

"The executor, administrator or such other person or corporation as may be in possession of property, the succession to which is subject to inheritance tax under this subdivision of this chapter, shall within one year of the decedent's death, file with the probate court having jurisdiction, an application, in the form prescribed by the tax commission of Ohio, to determine the inheritance tax upon the decedent's estate. Upon the failure of the executor, administrator or other person or corporation to file such application within one year of the decedent's death, the tax commission of Ohio shall have authority to execute and file an application for the determination of inheritance taxes in such estate, which application when so

executed and filed shall be prima facie good and sufficient for all purposes and the tax shall be forthwith determined thereon by the probate judge. The time for filing the application may be extended by the tax commission not to exceed six months."

The executors did file within time with the Probate Court an application upon the form prescribed by the Tax Commission of Ohio, whether or not in conformity thereto is hereinafter discussed.

Sec. 5345-5 GC provides in part:

"In case a false or fraudulent notice or application is wilfully made, the probate judge shall add twenty-five per centum to the amount of the tax * * *."

It is sought to add the penalty of twenty-five per cent here but it will be noted that the motion does not set out the requisite to the imposition of the tax, namely, that the executors wilfully made a false or fraudulent application.

Sec. 5345-4 by implication, authorizes the Tax Commission to prescribe a form for an application to determine inheritance tax and the form which the executors of the Valentine Decker estate employed is that which is prescribed by the Tax Commission.

What effect may be attributed to the wilful neglect of the executors to include, under Schedule D of the application form, the transfers of the corporate stock to the sons of Valentine Decker?

The application sets out the assets, personal and real, owned by the decedent at his death, and the persons to whom and the proportions in which the real estate vested. The signed application further sets out—

"The decedent in his lifetime did not convey, distribute, sell or give away any property for less than a consideration in money's worth, except as set forth in Schedule D herein. (All transfers must be set forth in Schedule D whether or not the transfer is admitted to have been made in contemplation of death or intended to take effect at death)."

The plaintiff contends that all transfers made by the decedent during his lifetime should have been set forth in Schedule D. It is required to set forth in Schedule D any property which was conveyed, distributed, sold or given away in the lifetime of decedent for less than full consideration.

(Emphasis ours) It is probable that only such transfers are properly included in the report.

The prime interest of the Commissison in the information to be set forth in Schedue D, is to learn if any property has been conveyed in the lifetime of decedent for less than full consideration, and, if so, when. If full consideration has passed, or full money's worth has been paid for the transfer, what more is there to be said. If transactions are properly noted in the Schedule, that is to say, transfers without full consideration, then the Commission does not call upon the applicant to state whether or not such transfers were made in contemplation of death or to take effect at death. If transfers were listed in Schedule D other than those in which there was not a full consideration passing, it would be misleading.

What may be inferred from the charge in the motion that the defendants wilfully failed to complete Schedule D? Certainly it may not be assumed, that if all transfers made by decedent in his lifetime were set forth, any of them was made without full consideration or in contemplation of death. Unless this may be assumed the motion, if to accomplish the purpose intended, should set forth that if Schedule D had been completed it would have disclosed that the transfers now questioned were made without full consideration and in contemplation of death, or that such was the fact. In the failure to set forth these material operative facts is found the infirmity of the motion.

If this estate upon which the inheritance tax has been fixed by order is to be opened up, there must be brought to the attention of the Probate Court sufficient averments to require the exercise of its inherent power to open up an order after term. Such authority may be invoked independent of the specific provisions of statute upon proper averments and proof. In Howenstine, Admr. v Sweet, et al., 13 O. C. C. 239, it is said:

"The court of common pleas is a court of general jurisdiction, and, independent of the provisions of Sec. 5354 Rev. Stat., has power to vacate and set aside judgments procured by fraud in an original action for that purpose.

The special proceeding provided by Sec. 5354 et seq., Rev. Stat. is cumulative, merely, and does not in any way abridge or limit the right in an original action to impeach and annul a judgment for fraud."

Although the Probate Court has no general jurisdiction we believe, that because of the broad powers delegated to it in inheritance tax determination, it has jurisdiction in this special proceeding tantamount to that vested in the common pleas court generally.

In the cited case the court had released and discharged from liability sureties on original executor's or administrator's bond and approved a new bond which was procured by fraud. The jurisdiction of the court was challenged but the court points out that the petition, setting out in detail the facts alleged as constituting a fraud by which a judgment was procured, and, showing that a fraud was in fact successfully practiced, with a prayer that the judgment so procured be vacated and set aside, was good as against general demurrer. To like effect is **Darst v Phillips, 41 Oh St 514.**

The distinguishing difference between the last cited cases and the situation presented in the instant proceeding is that here, all that is set out in the motion as constituting wilful neglect on the part of the executors may be conceded and we do not have any averment which, first, would invoke the inherent power of the court to open up its former order, namely, fraud in procuring the order and, second, no averment that any succession tax should be levied because the transfers to the sons were made without consideration and in contemplation of death.

The inherent jurisdiction of the Probate Court which we have conceded for the purposes of this proceeding is that which is granted where it is incumbent upon the court to determine if a tax is to be levied and if so, to take the essential steps to complete the levy of the tax. It has no other or further jurisdiction in this relationship. The basis upon which it would have power to exercise its authority is not brought to its attention in the motion for the reasons which we have heretofore stated.

We recognize that the motion might not stand as against a demurrer, that it does not state a cause of action but be good as against the claim that the court had no jurisdiction to entertain it. However, we are of opinion that on the motion here presented the trial judge was correct in concluding that he had no jurisdiction to entertain it. The judgment will be affirmed.

GEIGER and MILLER, JJ., concur.

## ON APPLICATION FOR REHEARING

Decided May 29, 1945.

BY THE COURT:
Submitted on application for rehearing consisting of three branches.

All the questions presented on the application for rehearing were directly or inferentially considered and determined in our original opinion.

It is suggested that counsel is in doubt if the judgment of this court and remand to the trial court would permit an amendment of the application. This would not be permissible because the appeal was on questions of law from a judgment dismissing the application. In such an appeal, amendment of pleadings may not be made either in the reviewing court or in the trial court upon remand.

The application will be denied.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.